IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

HOUSTON HENRY WALLER,         )
                              )
        Plaintiff,            )
                              )
vs.                           )     Case No. 4:06-cv-00655-RBP-TMP
                              )
DOMINIQUE LANGDON, et al.,    )
                              )
        Defendants.           )

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 2, 2006, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). (Doc. 8.) Plaintiff alleges that his probation was revoked without due process as he was sent to prison for three (3) months before he received a probation hearing. The magistrate judge found plaintiff's complaint to be premature under *Heck v. Humphrey*, 512 U.S. 477 (1994), as it necessarily challenged the validity of his incarceration, which had not been invalidated by a state or federal court.

The plaintiff filed objections to the report and recommendation on June 15, 2006 (doc. 9). Specifically, plaintiff contends that he does not challenge the probation revocation itself nor his conviction but rather submits that *the process leading up* to his probation revocation was unconstitutional. Put another way, plaintiff argues that the procedures were wrong, not necessarily the result.

In *Edwards v. Balisok*, the United States Supreme Court addressed a similar argument where plaintiff alleged that he was deprived of his good-time credits without due process. 520 U.S. 641

(1997). The Court stated, "Respondent, in his amended complaint, limited his request to damages for depriving him of good-time credits *without due process*, not for depriving him of good-time credits *undeservedly* as a substantive matter." *Id.* at 645 (emphasis in original). The Court found that allowing a cognizable claim under § 1983 which only challenged the procedures employed in a disciplinary hearing was incorrect, "since it disregards the possibility, clearly envisioned by *Heck*, that the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." The Court reiterated *Heck's* holding that "[i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id.* at 646 (*quoting Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)) (emphasis in original). Since plaintiff has not alleged that his probation revocation has been invalidated by a federal or state court, his claim for damages for denial of due process as it relates to his delayed probation hearing is premature.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 6th day of July, 2006.

_____<br>
**ROBERT B. PROPST**<br>
**SENIOR UNITED STATES DISTRICT JUDGE**

3